1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST OF WESTERN WASHINGTON, | Cause No. 16-cv-722<br><br>COMPLAINT FOR MONETARY DAMAGES |
| Plaintiffs, | |
| v. | |
| KELAYE CONCRETE, LLC, an Oregon limited liability company; and REBEKAH WILLIAMS, an individual, | |
| Defendants. | |

## I.  PARTIES

1.1    Plaintiff Carpenters Health and Security Trust of Western Washington ("Carpenters Health Trust") is a Taft-Hartley trust fund established for the purpose of providing and maintaining hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof as the Trustees may determine in their discretion for the benefit of the Employees and their beneficiaries.

COMPLAINT FOR MONETARY DAMAGES – 1
16-cv-722

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

The Carpenters Health Trust maintains its principal office in Seattle, King County, Washington.

1.2    Plaintiff Carpenters Retirement Trust of Western Washington ("Carpenters Retirement Trust") is a Taft-Hartley trust fund created for the purpose of providing retirement and associated death benefits for employees and their beneficiaries.  The Carpenters Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3    Plaintiff Carpenters-Employers Vacation Trust of Western Washington ("Carpenters Vacation Trust") is a Taft-Hartley trust fund created for the purpose of providing vacation benefits for employees.  The Carpenters Vacation Trust maintains its principal office in Seattle, King County, Washington.

1.4    Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund created for the purpose of defraying, in whole or in part, costs of apprenticeship or other training programs for the education of apprentices and journeymen carpenters. The Carpenters Apprenticeship Trust maintains its principal office in Seattle, King County, Washington.

1.5    The Plaintiffs are commonly referred to collectively as the Carpenters Trusts of Western Washington (the "Carpenters Trusts").

1.6    Defendant Kelaye Concrete, LLC ("Kelaye") is an Oregon limited liability company with its principal place in Damascus, Clackamas County, Oregon.  Kelaye is qualified to conduct business in the State of Washington and maintains the company is its own registered agent, with an office in Lacey, Thurston County, Washington.

1.7    Defendant Rebekah Williams ("Williams") is an individual believed to be residing in Damascus, Clackamas County, Oregon.  Ms. Williams is the sole member of the defendant limited liability company.

COMPLAINT FOR MONETARY DAMAGES – 2
16-cv-722

## II. JURISDICTION AND VENUE

2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).   This Court has supplemental jurisdiction over the Carpenters Trusts' conversion claim pursuant to 28 U.S.C. §1367.

2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

## III. FACTS

3.1    On or about November 2, 2015, Ms. Katie Conrad, on behalf of Kelaye, executed a Project Agreement with the Pacific Northwest Regional Council of Carpenters (the "Union").   The Project Agreement incorporates by reference the terms and conditions of the *2015 – 2018 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2015 (the "Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The employer adopts and agrees to abide by the following Labor Agreement:
>
> ☒ Western & Central WA Master Labor Agreement Rep by: AGC of Western WA Effective: 6/1/15 to 5/31/18.

3.2    The Project Agreement was for work to be performed on the S 324th Street Preservation project, in Federal Way, King County, Washington.

3.3    Also on or about November 2, 2015, Ms. Conrad, again on behalf of Kelaye, executed a second Project Agreement with the Union for work on the 2015 Sidewalk Development Project in Seattle, King County, Washington.   This Project Agreement also incorporated by reference the terms of Labor Agreement.

3.4    On or about December 7, 2015, Ms. Conrad executed a third Project Agreement with the Union for work on the SR 410 Veterans Drive project in Bonney

COMPLAINT FOR MONETARY DAMAGES – 3
16-cv-722

Lake, Pierce County, Washington.   This Project Agreement also incorporated by reference the terms of the Labor Agreement.

3.5     On or about February 23, 2016, defendant Williams, believed to be the Sole Member of defendant Kelaye, executed a fourth Project Agreement with the Union for work on the Delridge Avenue project in Seattle, King County, Washington.   This Project Agreement, like the three preceding it, incorporated by reference the terms of the Labor Agreement.

3.6     The four Project Agreements contain, upon information and belief, identical terms and conditions.

3.7     By signing the four Project Agreements, Kelaye agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the terms and conditions of their respective trust agreements:

> 6. TRUST FUND OBLIGATIONS: The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement.  The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and so any successor Trust Agreements.  Employer accepts as its lawful representatives, the employer trustees who are now or who may hereafter serve on the Board of Trustees.

3.8     Prompt payment of wages and fringe benefit contributions is an essential term of each of the four Project Agreements.

3.9     The plaintiff Trust Funds are beneficiaries under the terms of the Project and Labor Agreements.

3.10     As a signatory to the four Project Agreements, as discussed above, Kelaye agreed to the terms of the (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-

COMPLAINT FOR MONETARY DAMAGES – 4
16-cv-722

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust of Western Washington.

3.11    Kelaye's obligations under the Carpenters Health Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended.  Under the Carpenters Health Trust, Kelaye agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;
- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;
- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;
- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and
- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.12    Kelaye's obligations under the Carpenters Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended.   Under the Carpenters Retirement Trust, Kelaye agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;
- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;
- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

COMPLAINT FOR MONETARY DAMAGES – 5
16-cv-722

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.13    Kelaye's obligations under the Carpenters Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended.   Under the Carpenters Vacation Trust, Kelaye agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.14    Kelaye's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended.    Under the Carpenters Apprenticeship Trust, Kelaye agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

COMPLAINT FOR MONETARY DAMAGES – 6
16-cv-722

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), nor more than eighteen percent (18%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.15    Following execution of the each of the four Project Agreements, Kelaye used employees to perform work on the public projects that were subject to the scope of the Labor Agreement.  Kelaye also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.16    Kelaye submitted its monthly reports to the Carpenters Trusts for the months of January 2016 through April 2016.  However, Kelaye did not provide full payment of the reported fringe benefit contributions.  In addition, copies of certified payroll reports provided by Kelaye for work on the four projects listed above revealed employees performing covered work who were not reported on the company's monthly contribution reports to the Carpenters Trusts.

3.17    In addition, upon information and belief, Kelaye and Williams withheld vacation pay and dues from employee paychecks, and failed to remit those employee deductions to the Carpenters Trusts, and converted the employee withheld funds for other purposes.

3.18    As of today, Kelaye owes the Carpenters Trusts fringe benefit contributions for the period January 2016 through April 2016 in the amount of $13,022.62, plus liquidated damages, prejudgment interest, attorney fees, and costs of collection.  As of today, Williams is personally liable to the Carpenters Trusts for $2,069.50 of the above-listed fringe benefit contributions, consisting of $713.53 in vacation pay, and $1,355.97 in dues withheld from employee paychecks.

EKMAN THULIN, P.S.
ATTORNEYS AT LAW
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

# IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

4.2    Kelaye' failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Project and, Labor Agreements between the Union and Kelaye, to which the Carpenters Trusts are beneficiaries.  Kelaye's failure to properly report and pay fringe benefit contributions also constitutes breaches of the Trust Agreements, the terms of which Kelaye agreed to when it signed the Project Agreement.

4.3    As a result of Kelaye's breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $13,022.62, plus liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

4.5    Kelaye's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6    As a result of Kelaye's violation, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $13,022.64, plus liquidated damages, prejudgment interest, attorney fees and costs of collection.

### Third Cause of Action
### (Breach of Fiduciary Duty under ERISA)

4.7    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

**EKMAN THULIN, P.S.**
**ATTORNEYS AT LAW**
220 WEST MERCER STREET, SUITE 400
SEATTLE, WASHINGTON 98119-3966
(206) 282-8221

4.8     Defendant Williams is responsible for the reporting and payment of fringe benefit contributions to the Carpenters Trusts.

4.9     Defendant Williams, for purposes of ERISA, is a fiduciary of trust fund assets, because she exerted control over employee deductions withheld for payment to the Carpenters Trusts.

4.10    Defendant Williams failed to turn over trust fund assets, consisting of employees' vacation pay, to the Carpenters Trusts, despite demand.

4.11    Defendant Williams' failure to remit trust fund assets is a breach of fiduciary duty under ERISA, and has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $713.53.

### Fourth Cause of Action
### (Conversion)

4.12    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.18, above.

4.13    Defendants Kelaye and Williams have failed to remit deductions from employee paychecks to the Carpenters Trusts.

4.14    Defendants' failure to properly handle employee deductions gives rise to a claim for conversion.

4.15    As a result of Defendants' conversion, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $1,355.97.

### V.  REQUESTED RELIEF

The Plaintiff Carpenters Trusts respectfully request the Court grant the following:

A.     Judgment in favor of the Carpenters Trusts against Kelaye, in an amount to be determined at trial, but not less than $13,022.62, representing past-due and delinquent fringe benefit and other contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Kelaye is a party;

COMPLAINT FOR MONETARY DAMAGES – 9
16-cv-722

B.   Judgment in favor of the Carpenters Trusts against Kelaye, in an amount to be determined at trial, representing liquidated damages owed by defendant pursuant to the terms of the labor and trust agreements to which Kelaye is a party;

C.   Judgment in favor of the Carpenters Trusts against Kelaye, in an amount to be determined at trial, representing accrued interest owed by defendant pursuant to the terms of the labor and trust agreements to which Kelaye is a party;

D.   Judgment in favor of the Carpenters Trusts against Williams, in a joint and several amount to be determined at trial, but not less than $2,069.50, representing vacation pay and union dues deducted from employee paychecks and not remitted to the Carpenters Trusts;

E.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Kelaye is a party, and as authorized under ERISA; and

F.   Any other such relief under federal law or as is just and equitable.

Dated: May 20, 2016.

Jeffrey G. Maxwell, WSBA #33503
Ekman Thulin, P.S.
220 W Mercer Street, Suite 400
Seattle, Washington 98119
(206) 282-8221 (t)
(206) 285-4587 (f)
j.maxwell@ekmanthulin.com

Attorneys for the Plaintiff Carpenters
Trusts of Western Washington

COMPLAINT FOR MONETARY DAMAGES – 10
16-cv-722